IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| RFT Management Company, LLC, ) | Civil Action No.: 8:10-2503-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Lake Greenwood Developers, LLC, John D. Powell, ) | |
| and Professional Appraisal Service, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before this Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial brought pursuant to Federal Rules of Civil Procedure 50(b) and 59. (ECF No. 247). Plaintiff seeks judgment as a matter of law on Count V of Plaintiff's complaint concerning an alleged violation of the South Carolina Unfair Trade Practices Act ("UTPA") and also moves the Court for a new trial on its UTPA claim and its claim for professional negligence (Count VII). For the reasons set forth herein, this Court DENIES Plaintiff's motion for judgment as a matter of law and for a new trial.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court's August 30, 2013 order (ECF No. 219) and January 26, 2012 order (ECF No. 148) contains a recitation of the relevant factual and procedural background in this matter and the Court incorporates the discussion herein by reference. After this Court denied Defendants John D. Powell ("Powell") and Professional Appraisal Service, Inc.'s ("PAS") (collectively "Defendants") Motion for Summary Judgment, the Court conducted a jury trial in this matter on September 9-11, 2013. (ECF Nos. 227-236.) The Court denied both Plaintiff and Defendants' motions for directed verdict. (ECF Nos. 229-233.) On September 11, 2013, the jury returned a verdict for Defendants

on the remaining claims in this matter. (ECF Nos. 241-242.) Thereafter, on September 13, 2013, the Court entered judgment for Defendants on Plaintiff's claims for negligence, fraud, and violation of the South Carolina Unfair Trade Practices Act. (ECF No. 245.)

On October 10, 2013, Plaintiff filed the instant motion asserting that the record contains undisputed proof of Defendants' violation of the UTPA thereby entitling Plaintiff to judgment as a matter of law; and further claiming that certain of the Court's evidentiary rulings and jury charges had substantial adverse and prejudicial impacts on Plaintiff's case thereby entitling Plaintiff to a new trial on its UTPA and negligence claims. (ECF No. 247-1.) On October 30, 2013, Defendants filed their memorandum in opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial. (ECF No. 253.) On November 7, 2013, Plaintiff filed a reply memorandum of law in response to Defendants' opposition. (ECF No. 254.)

## STANDARD OF REVIEW

Rule 50(b) of the Federal Rules of Civil Procedure allows a court to consider a renewed motion for judgment as a matter of law after the entry of judgment. Fed.R.Civ.P. 50(b). "In ruling on the renewed motion, a court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* Under Rule 50(b), "the question is whether a jury, viewing the evidence in the light most favorable to [the non-moving party] could have properly reached the conclusion reached by [the] jury." *Bryant v. Aiken Reg'l Med. Centers, Inc.*, 333 F.3d 536, 543 (4th Cir.2003) (internal quotations and citations omitted). In other words, a court may grant a motion made under Rule 50(b) only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party." *Cline v. Wal–Mart Stores*, 144 F.3d 294, 301 (4th Cir.1998) (internal quotations and citations omitted). "[T]he evidence and

all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir.1988) (internal citations omitted); *Cline*, 144 F.3d at 301 ("In making this determination, we are not permitted to retry factual findings or credibility determinations reached by the jury."). "If reasonable minds could differ about the result in this case, [a court] must affirm the jury's verdict." *Bryant*, 333 F.3d at 543.

Unlike the procedure under Rule 50(b), a district court is permitted to weigh the evidence when considering a motion for a new trial under Rule 59(e). *Cline*, 144 F.3d at 301; *Knussman v. Maryland*, 272 F.3d 625, 647 (4th Cir.2001). A motion for a new trial under Federal Rule of Civil Procedure 59(a) may be granted "on all or some of the issues ... to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). A trial court should set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir.1996). In considering this motion, the court views the evidence in the light most favorable to the prevailing party. *Perrin v. O'Leary*, 36 F.Supp.2d 265, 266 (D.S.C.1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.' " *Id.* (quoting *Bennett Enters., Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C.Cir.1995)). A district court's denial of a motion for a new trial "rests with the sound discretion of the trial judge and will not be reversed

absent an abuse of discretion." *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 436 (4th Cir. 2004).

## DISCUSSION AND ANALYSIS

1. Plaintiff's Motion for Judgment as Matter of Law

In its motion, Plaintiff purports to renew its motion for judgment as a matter of law on its cause of action for violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a), specifically claiming that the record evidence contains undisputed proof of Defendants' violation of the UTPA. (ECF No. 247-1 at 1-4.) Defendants respond by arguing that Plaintiff's counsel failed to make a motion for judgment as a matter of law on its UTPA cause of action which is a pre-requisite for a Rule 50(b) motion. (ECF No. 253 at 1-2.) Further, Defendants maintain that even if this Court were to consider Plaintiff's request, Plaintiff failed to make the requisite demonstration needed for this Court to overturn the jury's decision. (ECF No. 253 at 3-5.) In its reply, Plaintiff argues, inter alia, that counsel was intending to argue Plaintiff's own motion at the same time he was arguing in opposition to Defendants' motion. (ECF No. 254 at 1-11.)

Although Plaintiff's trial motion was not the picture of clarity, the spirit of the procedural requirements were at least met, and Defendants were at least on notice as to Plaintiff's contentions as to the UTPA claim. Thus, the Court has considered Plaintiff's motion. After reviewing the record in this case, the Court agrees with Defendants and finds that there is a legally sufficient evidentiary basis for the jury's finding in Defendants' favor on the UTPA cause of action. After considering the evidence concerning Defendants' appraisals and testimony regarding the same, the jury concluded that Plaintiff failed to prove by a preponderance of the evidence that Defendants violated the UTPA and indicated as such by special interrogatory. (ECF No. 242 at 2.) In considering Plaintiff's motion, the Court is not permitted to retry factual findings or credibility determinations reached by

-4-

the jury. *See Cline*, 144 F.3d at 301. The jury weighed and considered the evidence presented by Plaintiff and found in favor of Defendants. Plaintiff's argument is without merit. Plaintiff's Motion for Judgment as a Matter of Law is DENIED.

2. Motion for a New Trial

Plaintiff also moves this Court for a new trial based upon certain of the Court's evidentiary rulings and alleged errors in the Court's jury charge. (ECF No. 247-1 at 4.) Because the Court finds no error in any of its evidentiary rulings and further finds that the jury charge, taken as a whole, adequately stated and informed the jury of the controlling law, the Court denies Plaintiff's Motion for a New Trial.

A. Evidentiary Rulings

First, Plaintiff submits that three of the Court's evidentiary rulings had a substantial adverse and prejudicial impact on Plaintiff's case: 1) the Court's exclusion from evidence of other appraisals performed by Defendants in Planters Row proffered by Plaintiff; 2) the Court's decision to restrict Plaintiff's counsel's ability to question Defendant Powell regarding the Uniform Standards of Professional Appraisal Practice ("USPAP") based on a lack of expert testimony on the standards and any violations; and 3) the Court's denial of certain aspects of Plaintiff's motion in limine seeking to exclude references of prior court proceedings involving Plaintiff. Specifically, Plaintiff argues that evidence of other appraisals proffered in this case should have been admitted, maintains that expert testimony was not required to independently establish the standards set forth in the USPAP and that if Plaintiff had been permitted to "make a *complete* showing of negligence arising from non-compliance with USPAP, the jury could have easily returned a verdict in its favor on the negligence claim," and that Defendants went beyond the scope and intent of the Court's order

concerning the motion in limine to poison the jury into thinking that Plaintiff was litigious and confrontational. (ECF No. 247-1 at 5-8)(emphasis added).

As to Plaintiff's first point, Defendants respond by arguing, inter alia, that the appraisals of Lots 14 and 41 were cumulative and did not need to be admitted. (ECF No. 253 at 6.) Plaintiff maintains that such evidence was relevant to its UTPA claim and that exclusion of the appraisals was extremely prejudicial to Plaintiff. (ECF No. 254 at 12.)  At trial, Plaintiff was permitted to make a proffer for the record concerning the appraisals of Lots 14 and 41 after which the Court explained that it did not allow the proffered appraisals because Plaintiff failed to accompany the appraisals with any expert testimony concerning the choice of comparables in a real estate appraisal. Thus, Plaintiff's arguments do not convince the Court that a new trial is warranted or even challenge the Court's reasoning for the ruling.

Defendants also respond to Plaintiff's complaint about the Court's treatment of the USPAP. As Defendants note, this Court did allow some portions of USPAP into evidence and also allowed Plaintiff's counsel "significant latitude in questioning both [Defendant Powell] and [Appraiser Norwood] regarding the selection of comparables, the concept of neighborhood, communications with the seller, support for assumptions, analysis of special sales concessions, etc." despite the lack of expert testimony as to the USPAP standards and their applicability. (ECF No. 253 at 8.) Accordingly, the Court is simply not convinced by Plaintiff's argument that any error occurred, thus requiring the Court to grant a new trial.  Finally, Defendants argue that the Court did not abuse its discretion in making its ruling regarding Plaintiff's previous lawsuit and maintains that counsel for Defendants did not go beyond the Court's instruction concerning the motion in limine. (ECF No. 253 at 7.)  The Court agrees and Plaintiff's arguments in its motion and in reply (ECF No. 254), do

not cause this Court to believe that a new trial is necessary to avoid a miscarriage of justice.

    B.  Jury Charges

Plaintiff also claims that it is entitled to a new trial on its UTPA and negligence claims as a result of the charge given by the Court and by the Court's decision not to give certain charges requested by Plaintiff. (ECF No. 247-1 at 8.) To demonstrate the necessity for a new trial based on the court's refusal to give an instruction proposed by a party, the challenging party has the heavy burden to demonstrate that "the requested instruction '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired' that party's ability to make its case." *Noel v. Artson*, 641 F.3d 580, 586–87 (4th Cir.2011) (quoting *United States v. Lighty*, 616 F.3d 321, 366 (4th Cir.2010)). Plaintiff argues that the Court should have granted Plaintiff's Supplemental Request to Charge No. 16 (Negligence), Plaintiff's Supplemental Request to Charge No. 17 (Violation of Statute; Negligence Per Se); Plaintiff's Supplemental Request to Charge No. 18 (Common Knowledge Exception to the Requirement of Expert Testimony), and Plaintiff's Supplemental Request to Charge No. 6 (Violation of UTPA – Unfair and Deceptive Acts and Practices). (ECF No. 247-1 at 9-13.) Defendants respond by pointing out that the charges Plaintiff complains of in the instant motion were not properly objected to at trial. (ECF No. 253 at 9-12.) Plaintiff asserts that it believes that Plaintiff's counsel voiced his objections to the exclusion of the supplemental requests at a charging conference the prior evening and did not believe it needed to re-raise the objections. (ECF No. 254 at 19.) During the trial, Plaintiff's counsel stated Plaintiff's objections to the charge read as follows:

    MR. SWAGGART: Your Honor, plaintiff objects to the

> charge because it omitted plaintiff's supplemental requests to
> charge 11, 14, 12, 15, 22, ten, and six. In addition, we
> object to the request to charge on the unfair trade practices
> on page 18 which we discussed at the charge conference, so I
> think it's already on the record.
>
> We object to the giving of the charge of comparative
> negligence because, number one, there's no evidence in the
> record of any duty owed by the plaintiff to the defendants.
> We object to the charge on negligence -- excuse me. We object
> to the charge of -- that's all I have, your Honor.

(ECF No. 250 at 2.) The Court provided the parties an opportunity to make formal objections for the record and entertained objections by both parties as to the charge as it was read to the jury and Plaintiff failed to object to charges 16, 17, and 18 at that time.

Still, evidence of plain error would allow the Court to still consider Plaintiff's arguments even if counsel failed to object to certain instructions at trial. *See Hofmann v. O'Brien,* 367 F. App'x 439, 444 (4th Cir.2010)(unpublished opinion); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir.2004); Dorsey v. Town of Bluffton, No. 9:12–cv–00705–DCN, 2013 WL 3786347, at *2 (D.S.C. July 18, 2013) ("When a party has failed to preserve an objection to an improper jury instruction, the court may nevertheless consider that error if it is a plain error that affects substantial rights."). To establish plain error, a party must show: "(1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) ... the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *In re Celotex Corp.*, 124 F.3d 619, 630–31 (4th Cir.1997) (citing *United States v. Olano*, 507 U.S. 725, 730 (1993)).

Even if this Court were to assume that the omission of certain of Plaintiff's requested charges constitutes plain error that affected Plaintiff's substantial rights, Plaintiff has failed to show that the

alleged error seriously affected the fairness, integrity or public reputation of its jury trial. The trial court has broad discretion in appropriately instructing the jury. *See Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir.1994). In determining whether instructions are adequate, the Court must look to "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir.1987); *see also Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1294 (4th Cir.1995) ("On review, jury instructions must also be viewed as a whole.") The Supreme Court has instructed that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Henderson v. Kibbe*, 431 U.S. 145, 153 n.10 (1977). The Court concludes that its charge as a whole sufficiently informed the jury of the controlling legal principles. The Court does not believe that it committed reversible error, much less plain error with respect to its decisions concerning Plaintiff's requested supplemental jury charges.[1]

Finally, the Court disagrees with Plaintiff's contention that the Court made errors in the charge concerning negligence, comparative negligence, and UTPA. The Court's instructions were correct, accurate, and balanced statements of the applicable law which did not mislead or confuse the jury or prejudice Plaintiff. The fact that Plaintiff would have preferred (or not preferred) certain language to fit the circumstances of the case it presented does not change the result. *See Hardin*, 50

---

[1] Although Plaintiff did make an objection during trial concerning Plaintiff's Supplemental Request to Charge No. 6, the Court rejects Plaintiff's arguments pertaining to the Court's charge and finds no error requiring reversal. The Court's instruction correctly reflects the applicable law and informs the jury of the controlling legal principles. Plaintiff has not met the heavy burden of demonstrating the necessity of a new trial based on the Court's refusal to give its proposed instruction. *See Hardin*, 50 F.3d at 1294 ("By no means are [district courts] required to accept all the suggested instructions offered by the parties.")

F.3d at 1296 ("Even when jury instructions are flawed, there can be no reversal unless the error seriously prejudiced the plaintiff's case... it is not the function of an appellate court to nit-pick jury instructions to death." (internal citations omitted)). "A jury verdict ... represents a good deal of work on the part of a good many people, and the instructions undergirding that collective effort should not succumb lightly to semantic fencing." *Noel,* 641 F.3d at 586. "At the end of the day, the fact is that this case went to a fair and impartial jury, and the jury simply found in favor of the defendant." *Hardin,* 50 F.3d at 1296.  To charge the jury in the manner Plaintiff requested would "risk potential confusion as to the issues before the jury." *See Vista del Mar Condominiums, LLC v. Nichols Brosch Wurst Wolfe & Assocs., Inc.*, No. 09–cv–2869, 2013 WL 625455, at * 3 (D.S.C. Feb.20, 2013)(concerning the law of professional negligence and standard of care under South Carolina law). In sum, the Court does not find that its jury charge entitles Plaintiff to a new trial.

## CONCLUSION

The Court has carefully reviewed and considered each of Plaintiff's arguments, and has reexamined the record and the applicable law, but finds Plaintiff's position to be unavailing.  For the foregoing reasons, the court DENIES Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial. (ECF No. 247.)

IT IS SO ORDERED.

      /s/ Mary G. Lewis
United States District Judge

April 23, 2014
Spartanburg, South Carolina